**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."  Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4414-19

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ANTHONY B. HUGGINS,

      Defendant-Appellant.

_____

> Submitted December 13, 2021 – Decided February 11, 2022
>
> Before Judges Fasciale and Sumners.
>
> On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment Nos. 16-06-1175, 16-06-1271 and 17-06-0982.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).
>
> Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Shiraz Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Anthony B. Huggins appeals from an order denying his post-conviction relief (PCR) petition without an evidentiary hearing. We affirm.

The main thrust of defendant's appeal centers around jail credits he received following his guilty pleas to three separate indictments. On April 17, 2017, defendant pled guilty to third-degree possession of controlled dangerous substances (CDS) with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3), under Indictment No. 16-06-1175, and to an amended count of disorderly persons offense of loitering for purposes of obtaining CDS, N.J.S.A. 2C:33-2.1(b), under Indictment No. 16-06-1271. The State agreed to recommend a sentence of 364 days in jail on the first indictment, concurrent to a six-month sentence on the second indictment.

On November 3, defendant pled guilty to fourth-degree operating a motor vehicle while suspended for driving while intoxicated (DWI) offense, N.J.S.A. 2C:40-26(b), under Indictment No. 17-06-0982. In exchange for the plea, the State agreed to resolve all three of his indictments with an aggregate sentence of five years of special probation in drug court, N.J.S.A. 2C:35-14, conditioned on a mandatory 180-day jail term, N.J.S.A. 2C:40-26(c), with alternative sentence of a four-year prison term.

2

On December 4, defendant was sentenced in accordance with the November 3 plea agreement. He was awarded eight days jail credit on the motor vehicle offense and eighty-two days jail credit on the two CDS offenses.

After filing and withdrawing a notice of appeal concerning his sentence, defendant filed a pro se PCR petition Counsel was subsequently appointed to represent defendant and filed a brief. Defendant contended his trial counsel provided ineffective assistance by: (1) failing to meet with him to prepare his defense; (2) leading him to believe he would be getting eighty-four days jail credit[1] toward his 180-day mandatory jail term for his motor vehicle offense; and (3) failing to file a motion to vacate his guilty plea because of the jail credit miscalculation. Defendant also sought an evidentiary hearing. PCR Judge Guy P. Ryan denied relief without an evidentiary hearing, issuing an order together with an eighteen-page written decision on April 13, 2020.

In his written decision, the judge applied the well-recognized two-prong test to establish ineffectiveness of counsel, Strickland v. Washington, 466 U.S. 668, 687 (1984) and State v. Fritz, 105 N.J. 42, 58 (1987), to find there was no

---

[1] Defendant argued he had eighty-four days jail credit. The trial record clearly states eighty-two days jail credit would be provided. Nevertheless, as Judge Ryan reasoned, "the two-day discrepancy [is] immaterial for the purposes of analyzing [defendant's] arguments."

A-4414-19

prima facie claim that: (1) trial counsel's performance was deficient and (2) the performance prejudiced the defense. As to the first prong, the judge recognized defendant's primary argument that "his defense counsel promised he would receive [eighty-four] days of jail credit on his driving while suspended charge, the same amount he was entitled to receive on his CDS charges under the other two indictments," was a "legally impossible" claim because "[a]ll but eight days of [his] jail credits were accrued prior to the date he was charged" with his motor vehicle offense. The judge emphasized that "[o]n the CDS charges, [defendant] had jail credits from April 12 to June 16, 2016[;] March 29 to 30, 2017[;] and April 3 to 5, 2017 for [seventy-four] days. [He] was incarcerated for only eight days after he was charged with [the motor vehicle offense], from June 30 to July 7, 2017." Since defendant was not arrested and charged with the motor vehicle until April 20, 2017, "[he] was not entitled to credit[] for time spent in custody on other charges prior to the date he was so charged."

In rejecting defendant's contention that his counsel failed to meet with him, Judge Ryan noted defendant, in response to the plea court's inquiry, acknowledged he had enough time to talk to his counsel and understood "everything about [his] plea and the recommended sentence," reviewed the plea form, initialed, and signed it "freely and voluntarily." The judge stressed that

4

"[a]t no time" during the plea hearing "did [defendant] ever tell the [plea court] he was promised [eighty-two] or [eighty-four] days of jail credit on the driving while suspended charge[,] or that he was relying upon a promise of any particular jail credit in order to enter his plea." The judge further emphasized defendant failed to question the plea court regarding his jail credits, and instead brought up the length of his drug court probation, whereupon the court dispelled his notion that it was for three years but was five years. The judge concluded the record did not support defendant's claim that "he was promised [eighty-]plus days jail credit on the . . . [motor vehicle] charge."

Turning to Strickland's second prong, the judge stated that even if trial counsel was deficient in advising defendant about the amount of jail credits, he was unable to "demonstrate any prejudice resulted from that deficiency nor [was] he able to demonstrate that, but for counsel's alleged errors, he would have pled not guilty and gone to trial." There was no dispute that defendant was convicted of two previous DWI's and consequently had his license suspended. Quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010) and State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011), the judge maintained defendant could not "show 'a decision to reject the plea bargain would have been rational

under the circumstances.'" At no point during his plea hearing did defendant assert his innocence to the motor vehicle charge.

Significantly, the record does not indicate when defendant asked his counsel to file a motion withdrawing his guilty plea. Yet, assuming defendant did, the judge applied the four factors set forth in State v. Slater that trial courts must "consider and balance . . . in evaluating motions to withdraw a guilty plea," namely: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." 198 N.J. 145, 157-58 (2009). In balancing the Slater factors, the judge determined defendant's guilty plea would not have been vacated.

Judge Ryan held that the first three factors weighed against allowing defendant to withdraw his guilty plea. Regarding the first factor, the judge found "defendant d[id] not even make a bare assertion of innocence nor offer any potential defense; he ma[de] no claim of innocence at all." With respect to the second factor, the judge determined there was no valid reason for withdrawing defendant's guilty plea, because it was based on the groundless assertion that "he should have been entitled to jail credits for time spent in custody before he

6

was actually charged with the particular offense."  As for the third factor, the judge determined counsel negotiated "a very favorable concurrent probationary resolution of three cases for [defendant], with the only jail term being the mandatory 180 days[,]" which allowed defendant to avoid "the very real possibility, if not likelihood, of consecutive sentences if he went to trial." Defendant reached a plea agreement, which, therefore, weighs against a withdrawal of his guilty plea.  And concerning the fourth factor, the judge found it was neutral because there was no prejudice to the State or advantage to defendant in allowing withdrawal of the guilty plea.  Hence, because "any motion to withdraw [defendant's guilty] plea would have been meritless," the judge, citing State v. O'Neal, 190 N.J. 601, 618-19 (2007) and State v. Warlock, 117 N.J. 596, 625 (1990), concluded counsel did not provide ineffective assistance by failing to file a motion.

As for defendant's claim that his counsel forced him to plead guilty to loitering for purposes of obtaining CDS, the judge found it to be "equally groundless."  Considering the plea hearing record and the absence of any certification supporting defendant's contention, the judge determined there was no evidence he was "pressured" to enter his plea.  Relying upon State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), the judge maintained

defendant's "bald assertion" that his plea was involuntary was insufficient to prove ineffective assistance.

Because the judge found defendant did not establish a prima facie claim of ineffective assistance of counsel, he determined that based upon State v. Preciose, 129 N.J. 451, 462 (1992), defendant was not entitled to an evidentiary hearing.

Before us, defendant argues:

> POINT I
>
> THE PCR COURT IMPROPERLY DENIED DEFENDANT'S CLAIM THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF HIS PLEA COUNSEL WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.
>
> > A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS[,] AND PETITIONS FOR POST-CONVICTION RELIEF.
> >
> > B. DEFENDANT ESTABLISHED A PRIMA FACIE CLAIM FOR POST-CONVICTION RELIEF, ENTITLING HIM TO AN EVIDENTIARY HEARING.

In his merits brief, defendant essentially reiterates the arguments raised before and rejected by Judge Ryan. Considering these arguments in light of the record and applicable legal standards, these arguments lack sufficient merit to

8

warrant discussion in a written opinion, <u>R.</u> 2:11-3(e)(2), and we affirm substantially for the reasons set forth by the judge in his cogent written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4414-19